ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ISMAEL DOMINGO GUILLEN RAMÍREZ<br>Recurrido<br><br>v.<br><br>STEPHANIE GONZÁLEZ CRUZ<br>Peticionario | TA2026CE00360 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2023RF00390<br><br>Sobre: Divorcio |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece la señora Stephanie González Cruz (señora González Cruz o peticionaria) y solicita nuestra intervención y revisión de tres dictámenes de naturaleza interlocutoria. En primer lugar, cuestiona la *Orden*, notificada el 2 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario). En este dictamen, el foro primario no permitió la divulgación del expediente del perito, Dr. Demy Arturo De Jesús. Además, solicita que revisemos la determinación que notificó el TPI, el 19 de febrero de 2026, mediante la cual autorizó un crédito por pagos en exceso sobre la pensión alimentaria a favor del señor Ismael Domingo Guillen Ramírez (señor Guillen Ramírez o recurrido). Por otro lado, la peticionaria nos implora que revisemos la orden emitida el 11 de marzo de 2026, en la cual denegó una solicitud de reembolso por gastos escolares en beneficio de la menor, hija de ambas partes.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari,* según presentado*.*

**I.**

El señor Guillen Ramírez instó una petición de divorcio por ruptura irreparable contra la peticionaria, el 12 de junio de 2023. Expuso que, durante la vigencia de su vínculo matrimonial, procrearon una hija, nacida el 30 de agosto de 2021. Celebrado el juicio en su fondo, el foro primario emitió una *Sentencia y Sentencia Nun Pro Tunc*[1] mediante la cual decretó roto y disuelto el nexo matrimonial. Asimismo, adjudicó el ejercicio conjunto de la patria potestad y la custodia monoparental provisional a favor de la peticionaria. Además, ordenó al recurrido el pago de una pensión alimentaria provisional.

Así las cosas, el 24 de mayo de 2023, la señora González Cruz instó una petición de pensión alimentaria en contra del señor Guillen Ramírez bajo el caso número CG2023RF000359.[2] Coetáneo a lo anterior, el señor Guillén Ramírez procuró un cambio en la custodia de la menor de monoparental a custodia compartida.[3]

En cumplimiento con el proceso y la investigación de rigor, la Unidad Social de Relaciones de Familia y de Asuntos de Menores (Unidad Social) presentó un informe social forense en el que recomendó la custodia compartida de la menor. En desacuerdo, la señora González Cruz instó una solicitud de impugnación del referido informe social.

Así las cosas y luego de múltiples asuntos procesales innecesarios pormenorizar, el señor Guillén Ramírez planteó por primera vez, el 23 de octubre de 2024, que en este caso se manifiesta un patrón de enajenación parental.[4] Solicitó, en particular, la

---

[1] Entrada Núm. 45 en el expediente electrónico del SUMAC del Poder Judicial, *Sentencia nun pro trunc.*
[2] Surge de la *Minuta* transcrita el 8 de agosto de 2023, que el TPI ordenó la consolidación del caso CG2023RF000359 con el caso de epígrafe CG2023RF390.
[3] *Íd.*, Entrada Núm. 20.
[4] *Íd.*, Entrada Núm. 163.

evaluación de las capacidades protectoras y enajenación parental de la madre de la menor con un psicólogo seleccionado por el TPI, entre otros asuntos. A lo antes, se opuso la peticionaria. En atención a ello, el foro primario ordenó a la Unidad Social y al Departamento de la Familia[5], respectivamente, investigar e identificar indicadores de la alegada enajenación parental y maltrato emocional.

El 21 de noviembre de 2024, la Unidad Social consignó en su informe que existían indicadores de la ejecución de un "gatekeeping" no justificado con intentos de obstruir relaciones paterno filiales y el ejercicio de la patria potestad. A pesar de ello y tomando en consideración la intervención en curso del Departamento de la Familia, recomendó una evaluación y apoyo psicológico. No obstante, en beneficio de la menor, reiteró su postura a favor de la custodia compartida.[6]

Mediante *Moción en cumplimiento de orden*, el Departamento de la Familia informó que el caso fue investigado y se determinó que las alegaciones estaban "sin fundamento", por lo que el caso quedó cerrado.[7]

Luego de celebrar una vista el 2 de diciembre de 2024[8], el TPI ordenó la evaluación de los asuntos relacionados a la enajenación parental por un perito profesional de la conducta seleccionado y subvencionado por las partes.

En cumplimiento, el 13 de febrero de 2025, las partes suscribieron de forma conjunta una moción mediante la cual anunciaron al doctor Demy Arturo De Jesús (Dr. De Jesús) como perito profesional de la conducta y anejaron sus credenciales. Al así hacer, el foro primario designó al Dr. De Jesús como perito en esa etapa de los procesos.

---

[5] *Íd.*, Entrada Núm. 172.
[6] *Íd.*, Entrada Núm. 175.
[7] *Íd.*, Entrada Núm. 187.
[8] *Íd.*, Entrada Núm. 218.

De otra parte y superados algunos asuntos procesales, el TPI emitió una *Resolución* mediante la cual dispuso sobre la pensión alimentaria de forma final en beneficio de la menor.[9] En su dictamen, acogió el informe emitido por la Examinadora de Pensiones Alimentarias y le impuso el pago de la pensión al señor Guillen Ramírez. Además, adjudicó las condiciones y obligaciones económicas de las partes, entre ello, dispuso lo siguiente:

> Las partes compartirán a través de reembolso los gastos escolares (no considerados como suplementarios), los gastos médicos que no cubra el plan médico y los gastos extraordinarios siempre y cuando hayan sido consultados y aprobados por escrito por ambos padres antes de incurrir en los mismos.
> […]
> La parte que incurra en el gasto tendrá diez (10) días contados a partir de la fecha del pago para enviarle a la otra parte la evidencia. La otra parte tendrá a su vez diez (10) días contados a partir del recibo de la evidencia para pagarle a la parte que incurrió en el costo el porciento que le corresponda de lo que refleje el/los recibos. Cualquier gasto que exceda la cantidad de $100.00 debe ser consultado y aprobado por ambos padres antes de incurrir en el mismo.

Entretanto, el 24 de octubre de 2025, el Dr. De Jesús acreditó su *Informe Psicológico Pericial*.[10] En su evaluación, reafirmó la recomendación expuesta en el informe suscrito por la Unidad Social y en beneficio de la menor, favoreció la custodia compartida. Evaluado lo anterior y conforme a la vista celebrada, el 20 de noviembre de 2025, el foro primario emitió una *Resolución* en la que adjudicó la custodia compartida en el caso de marras.[11] Dicha determinación no fue objeto de revisión alguna, por lo que advino final y firme el 30 de diciembre de 2025.

Coetáneamente, el recurrido solicitó el reembolso del pago en exceso sobre la pensión alimentaria por una suma de $1,552.70. Lo antes, basado en la pensión alimentaria que le fue impuesta.[12] Respecto al crédito por concepto de pago en exceso de la pensión

---

[9] *Íd.*, Entrada Núm. 302.
[10] *Íd.*, Entrada Núm. 318.
[11] *Íd.*, Entradas Núm. 324 y 325.
[12] *Íd.,* Entrada Núm. 321.

solicitado por el recurrido, la señora González Cruz se opuso. En síntesis, negó el exceso líquido alegado por el señor Guillen Ramírez y en cambio, arguyó que el recurrido le adeuda una suma de $215.60 en concepto de gastos escolares para el beneficio de la menor. Además, imploró del foro primario la imposición de honorarios de abogado a favor de la peticionaria.[13]

Atendidos los petitorios de las partes, junto con los documentos suplementarios requeridos, el 19 de febrero de 2026, el TPI autorizó el crédito de $1,529.82, en concepto de mensualidades de pensión alimentaria sufragadas en exceso a favor del señor Guillen Ramírez. Subsiguientemente, el 11 de marzo de 2026, el foro primario declaró no ha lugar la petición de reembolso instada por la señora González Cruz.

Por su parte, el perito, Dr. De Jesús compareció por derecho propio ante el foro primario e informó que la señora González Cruz le requirió acceso a la información sobre los datos y las evaluaciones psicométricas realizadas en su informe pericial presentado en octubre del año anterior. Sostuvo que no procede la solicitud interpuesta de forma extrajudicial, debido a consideraciones éticas y de confidencialidad. Expuso que, los datos brutos de las pruebas psicológicas y los reactivos están sujetas a estrictas normas éticas legales y por su propiedad intelectual. A esos efectos, imploró del TPI expedir una orden protectora.

El 2 de febrero de 2026, el foro primario notificó una *Orden* en la que denegó la divulgación de la información peticionada y así consignó su naturaleza confidencial.[14] En desacuerdo, la señora González Cruz instó un petitorio de reconsideración. En su escrito expuso que, el Dr. De Jesús ostentaba una obligación contractual con la peticionaria, la cual no incide con su deber de

---

[13] *Íd.*, Entrada Núm. 343.
[14] *Íd.*, Entrada Núm. 344.

confidencialidad ni con los privilegios reglamentarios. El señor Guillén Ramírez expresó su apoyo a la postura del perito y resaltó que el interés en el bienestar de la menor prevalece sobre cualquier estrategia de reabrir descubrimiento de prueba. En la alternativa, indicó que de divulgar los datos sería a un profesional de la psicología en estrictas condiciones confidenciales.[15] Justipreciado lo antes, el 19 de febrero de 2026, el TPI notificó una *Orden* mediante la cual declaró no ha lugar la solicitud de reconsideración.[16]

Aún en desacuerdo con el curso decisorio del tribunal de instancia, el 24 de marzo de 2026, la peticionaria acude ante esta Curia y levanta la comisión de seis errores, a saber:

PRIMER ERROR: Cometió Error de derecho y actuó con pasión, perjuicio y parcialidad el Tribunal de Primera Instancia al intervenir en una controversia contractual entre el perito y la parte que solicita cumplimiento con lo pactado.

SEGUNDO ERROR: Cometió Error de derecho y actuó con pasión, perjuicio y parcialidad el Tribunal de Primera Instancia al denegar a la compareciente acceso a sus evaluaciones, extendiendo el privilegio de confidencialidad a un perito que no está cobijado por ningún privilegio ni está obligado a guardar confidencialidad, pues su razón para intervenir en el caso fue precisamente para divulgar sus conclusiones y las bases para ello conforme la mejor practica de la medicina en su especialidad.

TERCER ERROR: Cometió Error de derecho y actuó con pasión, perjuicio y parcialidad el Tribunal de Primera Instancia al concluir que la compareciente no tiene derecho a conocer las bases de la opinión pericial, porque se allanó a la custodia compartida.

CUARTO ERROR: Cometió Error de derecho y actuó con pasión, perjuicio y parcialidad el Tribunal de Primera Instancia al conceder al padre créditos por partidas que no corresponde a los alimentos de la menor.

QUINTO ERROR: Cometió Error de derecho y actuó con pasión, perjuicio y parcialidad el Tribunal de Primera Instancia al denegar el reembolso de los gastos de regreso a escuela descansando en que la madre debe consultar todo gasto necesario al padre y obtener su autorización por escrito, incumpliendo con su deber de *parens patriae* de velar por los intereses y mejor bienestar de la menor.

---

[15] *Íd.*, Entrada Núm. 342.
[16] *Íd.*, Entrada Núm. 348.

SEXTO ERROR: Cometió Error de derecho y actuó con pasión, perjuicio y parcialidad el Tribunal de Primera Instancia al hacer caso omiso a la solicitud de imposición de honorarios de abogado, conforme ordena nuestro estado de derecho.

En cumplimiento con nuestra *Resolución* emitida el 7 de abril de 2026, el recurrido sometió su alegato intitulado *Oposición a petición de certiorari*. De ese modo, con el beneficio de la comparecencia de ambas partes, procedemos a resolver la causa ante nos.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al.*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023).

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez*, supra. No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio

discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, **en casos de relaciones de familia,** en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. Regla 52.1 de las Reglas de Procedimiento Civil, *supra*. El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020). Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez López,* 213 DPR 314, 337 (2023). La citada regla dispone: El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra*, cuando la citada Regla 52.1 impida expedir el auto de *certiorari*, procede denegar su expedición.

**III.**

Al entender sobre la causa presentada, nos corresponde determinar si se reúnen los criterios de la Regla 40 de nuestro Reglamento, *supra*, que sustenten la expedición del auto de *certiorari* presentado. Hemos evaluado sosegadamente el expediente ante nos y colegimos que la peticionaria no nos ha puesto en posición para ejercer nuestra autoridad discrecional sobre el curso decisorio del TPI.

Respecto a los primeros tres señalamientos, la peticionaria sostiene que el foro primario erró al denegarle acceso a las evaluaciones realizadas por el Dr. De Jesús, como parte de su informe pericial presentado. Asimismo, argumenta que al Dr. De Jesús no le asiste el privilegio médico-paciente. En reacción, el recurrido arguye que la solicitud de la señora González Cruz resulta ser inmeritoria, toda vez que procura la reapertura del descubrimiento de prueba sobre la determinación de custodia compartida, la cual no fue objeto de revisión dentro de los términos permitidos.

Referente al cuarto y quinto señalamiento de error, la peticionaria aduce que el foro primario incurrió en error manifiesto al consignar a favor del recurrido un crédito por pagos en exceso de pensión alimentaria, por cuanto tal reclamación reviste la naturaleza de acción personal, ajena al ámbito del presente pleito de alimentos y, por ende, improcedente su adjudicación. En la alternativa, sostiene que, aun de estimarse procedente la

consideración de tal crédito, la cuantía adeudada asciende a la suma de $708.61. De otra parte, y en apoyo a su quinto señalamiento de error, en el que solicita revertir la denegatoria a su petitorio sobre reembolsos de gastos incurridos, la peticionaria fundamenta su postura sobre las Guías Mandatarias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico. Por su parte, el recurrido resalta las contradicciones en la postura de la peticionaria, por una parte, oponerse a los créditos solicitados y, a su vez, exigir reembolsos a su favor. Además, en esencia, arguye que los acuerdos anteriores acogidos por el tribunal sobre la forma de procesar pagos por gastos incurridos no deben soslayarse.

En su dictamen, el foro primario consignó que existe un pago en exceso en concepto de pensión alimentaria por la suma de $1,529.82, correspondiente al segundo, tercer y cuarto periodo según establecidos en la *Resolución* emitida el 14 de julio de 2025. Ello, tras efectuar un cómputo aritmético mediante el cual contrastó las cuantías mensuales fijadas en la determinación de pensión con las sumas efectivamente sufragadas por el recurrido, las cuales no fueron objeto de controversia por las partes. De otra parte, se desprende del pronunciamiento recurrido que, el TPI evaluó las posturas y la evidencia presentada por las partes, así como las órdenes consignadas en la *Resolución* atinente a la pensión alimentaria final. A su vez, determinó que, del intercambio de comunicaciones entre las partes no se desprende evidencia alguna que acredite que los gastos escolares reclamados por la señora González Cruz fuesen oportunamente consultados con el señor Guillén Ramírez conforme la orden vigente sobre este asunto. En consecuencia, determinó que el incumplimiento con las órdenes judiciales torna improcedente e ineficaz la reclamación de reembolso instada por la peticionaria.

Finalmente, la señora González Cruz manifiesta que erró el TPI al omitir la adjudicación de un petitorio de imposición de honorarios de abogado a su favor, según le corresponde. Revisado el expediente ante nos, observamos que el TPI no se ha pronunciado sobre la petición de honorarios de forma fehaciente. Sobre este particular, notamos que, en ausencia de un dictamen u orden interlocutoria sobre dicho particular, estamos impedidos de intervenir en esta etapa de los procesos, toda vez que procede nuestra abstención de adjudicar cuestiones que no han sido atendidas en primera instancia ante el foro primario. Véase lo resuelto en *Trabal Morales v. Ruiz Rodríguez,* 125 DPR 340, 351 (1990).

Por todo lo antes y tras realizar una sosegada evaluación del expediente y los planteamientos expuestos por las partes, determinamos que, no procede la expedición del auto solicitado. Los fundamentos aducidos por la peticionaria no permiten activar nuestra autoridad discrecional para intervenir en esta etapa de los procesos.

Conforme establece la Regla 40 del Reglamento de este Tribunal, *supra,* colegimos que nada nos sugiere que, el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho en cuanto los asuntos planteados.

**VI.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*, según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones